UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARION BROWN
Personal Representative of:
THE ESTATE OF GAMEL ANTONIO BROWN   CASE NO.:
    Plaintiff,

SHAKEETA ARMSRTONG,
on behalf of herself and as Guardian on
behalf of his minor child (GB, Jr.)
    Plainitiff(s)

-Vs-

BALTIMORE COUNTY MARYLAND,
BALTIMORE COUNTY MARYLAND, POLICE
DEPARTMENT,
OFFICER JONATHAN BESAW,
OFFICER MILLER,
OFFICER McELFISH
    Defendant(s)
_____/

## PLAINTIFF'S COMPLAINT WITH JURY DEMAND

**COMES NOW,** the Plaintiffs MARION BROWN, Personal Representative of: THE ESTATE OF GAMEL ANTONIO BROWN and SHAKEETA ARMSTRONG, mother and next friend of minor child (GB, JR.), (hereinafter, collectively, referred to as "the Minor Plaintiff"), by and through their attorney, Law Offices of James Sweeting III, for Wrongful Death and Demand for Jury by Trial wherein the Defendants Baltimore County Maryland, Officer Besaw, in his

personal and official capacity, Officer Miller in his personal and official capacity and Officer McElfish, in his personal and official capacity, who hereby file this their Amended Complaint and Demand for Jury Trial filed and in support of their stated causes of action Plaintiffs state further:

## NATURE OF THE CASE

1. This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, the common law of the State of Maryland, and the Maryland Declaration of Rights against Baltimore County Maryland; and Baltimore County Maryland Police Officers Besaw, Miller and McElfish, in their individual and official capacities.

## **JURISDICTION, VENUE & PARTIES**

2. This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, the common law of the State of Maryland, and the Maryland Declaration of Rights against, Baltimore County Maryland, the Baltimore County Maryland Police Department and Baltimore County Maryland Police Officers Besaw, Miller and McElfish, in their individual and official capacities.

2

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this court to entertain claims arising under Maryland State law. This action also includes wrongful death and survival claims pursuant to §§3-901 through 3-904 of the Courts and Judicial Proceedings Article of the Maryland Code Annotated and Maryland Rule 15-1001.

4. It is alleged that the individual defendants named herein made an unreasonable seizure of the person of Decedent GAMEL ANTONIO BROWN, unconstitutionally refused to render medical care, deprived and interfered with the provision of critical, life-saving medical care and treatment thereby violating his rights under the Fourth and Fourteenth Amendment of United States Constitution, as well as Articles 24 and 26 of Maryland Declaration of Rights. It is further alleged that the defendants named herein employed unwarranted and excessive force in effecting the seizure described herein.

5. That SHAKEETA ARMSTRONG, is, and GAMEL ANTONIO BROWN, were, biological parents of Minor Plaintiff (G.B JR.). Ms. SHAKETTA ARMSTRONG, and her minor child are citizens of the State of Maryland with a primary residence in Baltimore City Maryland. The Minor Plaintiffs' father, GAMEL ANTONIO BROWN, is deceased, and has as other surviving issue, (JB), whose Mother is JESSICA SIMMONS. The Minor

Plaintiff is the primary beneficiaries in this action pursuant to §3-904(a) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

6. That GAMEL ANTONIO BROWN, is also survived by his Mother, MARION BROWN, who is also a statutory beneficiary in this action pursuant to §3-904(a) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

7. That, at all times relevant to this complaint, Defendant Officer Besaw was a duly authorized agent, servant, and/or employee of Baltimore County Maryland and the Baltimore County Maryland Police Department. At all times relevant to this Complaint, Defendant Miller was acting within the scope and course of his employment as a member of the Baltimore County Police Department. he is sued in his individual and official capacities, Defendant McElfish was acting within the scope and course of his employment as a member of the Baltimore County Police Department. he is sued in his individual and official capacities.

8. That Defendant Officer Besaw was a duly authorized agent, servant, and/or employee of Baltimore County Maryland and the Baltimore County Maryland Police Department. At all times relevant to this Complaint, Defendant Miller was acting within the scope and course of his employment

4

as a duly authorized agent, servant, and/or employee of Baltimore County Maryland and as a member of the Baltimore County Maryland Police Department. He is sued in his individual and official capacities. Defendant McElfish, was acting within the scope and course of his employment as a duly authorized, agent, servant and employee of Baltimore County Maryland and the Baltimore County Maryland Police Department. He is sued in his individual and official capacities.

9. That the Defendant, Baltimore County Maryland, is a municipality and political subdivision of the State of Maryland and the public employer of Officers / Defendant's Besaw, Miller and McElfish, as well as various employees, including 911 dispatchers and other emergency personnel.

10. That all incidents leading to the wrongful death of the decedent, Brown, and resulting in compensable injury occurred in Baltimore County Maryland, at 21 Gwynswood Street, Owings Mills Maryland 21117 (hereinafter, referred to as the "Brown Residence").

## ADMINISTRATIVE PREREQUISITES

11. That the Plaintiffs reallege and incorporate herein by reference all of the allegations contained in the preceding paragraphs.

12. That a Notice of Claim was submitted to the Office of Law for Baltimore County.

13. That the Office of Law for Baltimore County acknowledged receipt of the Notice of Claim form.

14. That the Office of Law for Baltimore County has either denied liability, or One Hundred Eighty (180) days have elapsed since the submission of the Notice of Claim.

## FACTS CENTRAL TO PLAINTIFFS' CLAIMS

15. That the Plaintiffs reallege and incorporate herein by reference all of the allegations contained in the preceding paragraphs.

16. That on January 21, 2020, Officers Wilkes, Besaw, and Stargel responded to the McCain Residence as a result of a 911 emergency call.

17. That, at the time of the incident at issue in this action, Officers Wilkes, Besaw, and Stargel, as well as, their local precinct, knew that Decedent Gamel Brown needed medical attention.

18. That specifically, Officers Wilkes, Besaw, and Stargel had knowledge of the fact that Decedent GAMEL ANTONIO BROWN, the male living in the Brown Residence, was suffering from injury of the leg and arm that was purely accidental.

19. On January 21, 2020, the first call for service to 21 Gwynnswood, Owings Mills, Maryland 21117 was received by Baltimore County 911 at approximately 11:16 a.m. The caller reported a "disturbance." Defendants Miler and McElfish responded to the call along with Baltimore County Police Officers Besaw and Cantrell.

20. When the responding officers Miller and McElfish arrived at the Brown Residence, Decedent GAMEL ANTONIO BROWN, was sitting on the bathroom toilet at the residence calmly applying home-made tourniquet to his wounds.

21. Officer Miller communicated over the radio that the incident was purely accidental and canceled all of the corresponding police units.

22. Officers Besaw while training Officer Cantrell decided to show up anyway in order to train Officer Cantrell.

23. At no point was Decedent GAMEL ANTONIO BROWN, detained.

24. Decedent GAMEL ANTONIO BROWN, was not in a position to do physical harm to any of the persons who were present in the Brown Residence.

25. Decedent GAMEL ANTONIO BROWN, had not engaged in any criminal activity and was not engaged in any criminal conduct when the Defendant officers made entry into the apartment.

7

26. Decedent GAMEL ANTONIO BROWN, had not made any threatening gesture or verbal utterances directed at the Defendant officers, and never had occasion to have any verbal interaction or communication with the entering officers.

27. That the shooting of the taser was commenced when Decedent, GAMEL ANTONIO BROWN, posed no immediate threat to Defendants Miller, Besaw, and/or McElfish, and reasonable officers under the same circumstances would not have responded with deadly force.

28. Rather than attempting any communication with Decedent GAMEL ANTONIO BROWN, utilizing verbal commands and/or undertaking efforts to de-escalate the encounter with a known emotionally disturbed person, Defendants Miller, Besaw, Cantrell and McElfish aggressively escalated the situation by immediately pointing their Taser to Decedent GAMEL ANTONIO BROWN, and ultimately shooting him without justification and/or legal authority.

29. Decedent GAMEL ANTONIO BROWN, was placed in the ambulance for transport to the Saint Joseph Hospital.

30. In route to the hospital, Decedent GAMEL ANTONIO BROWN, began to exhibit difficulty and a conscious decision was made purposefully not to divert treatment to a closer hospital.

31. Decedent GAMEL ANTONIO BROWN, ultimately succumbed to his injuries and was pronounced dead at Saint Joseph Hospital.

32. In the interim, Baltimore County Police Officers searched the Brown residence in effort to determine if he had been armed or under the influence when the Defendant officers entered the premises. No weapons were located at the Brown Residence.

33. Decedent, GAMEL ANTONIO BROWN, was not armed at any time during his interaction with the Defendant officers.

34. That the Officers' use of lethal force under the circumstances was unreasonable.

35. That furthermore, the Officers had no basis for using lethal force at all.

36. That all of these events occurred while three (3) other individuals were in the home; namely, JESSICA SIMMONS, the Mother of one of GAMEL ANTONIO BROWN"S Children, the Child's' Maternal Grandfather, FREDRICK SIMMONS and two minor children, (JB) and (JS).

37. As a direct result of the assault perpetrated by the Defendant Officers Miller, Besaw, McElfish and Miller, Decedent Brown suffered serious, painful, and fatal injuries, as well as failed to receive lifesaving medical treatment.

38. In addition to the physical injuries described herein, Decedent Brown suffered the following injuries and damages:

a. Violation of his well-established constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution to be free from an unreasonable search and seizure of his person.

b. Violation of his clearly established and well settled state constitutional rights under the Maryland Declaration of Rights Articles 24 and 26 including, but not limited to: Freedom from the unreasonable seizure of his person; and Freedom from the use of excessive, unreasonable and unjustified force against his person;

c. Loss of his physical liberty;

d. Conscious physical pain and suffering;

e. Emotional trauma and suffering, embarrassment, and mental anguish; and

f. Loss of future earning potential.

39. Defendant Officers Miller, Besaw and Cantrell actions were also contrary to Baltimore County Police Department protocol in that they made no effort to communicate with and/or develop any rapport with Decedent Brown, offer aid, assess Decedent GAMEL ANTONIO BROWN'S mental status, or contact dispatch for crisis intervention assistance.

40. The conduct that led to Decedent GAMNEL ANTONIO BROWN'S, untimely passing was the result of a dangerous pattern of practice within the

Baltimore County Police Department of using excessively deadly force when confronted with non-threatening and non-violent individuals.

41. Despite notice of the necessity of such training, the Baltimore County Police Department has decided against training the majority of its officers on these policies.

## COUNT I - Wrongful Death Act (Against All Defendants)

42. The Plaintiff repeats and realleges Paragraphs 1 - 42 of this Complaint with full force and effect as if pleaded here in full.

43. It was the duty of the Defendants to exercise reasonable care under the circumstances to protect and preserve the life of the decedent, GAMEL ANTONIO BROWN , and respect his rights to be free from unlawful searches and seizures, excessive force resulting from an arrest for traffic violations and misdemeanor criminal offenses, manslaughter due to negligence or murder; yet, notwithstanding these duties, the Defendants, through its agents, servants, or employees acting within the course and scope of their employment failed to exercise reasonable care under the circumstances that would have placed their conduct in consonant with the law.

44. Defendant Officer Miller killing of GAMEL ANTONIO BROWN, because he became frustrated by an injured man not understanding

commands of the officer while losing blood due to accident, constituted an unlawful seizure and unconstitutional use of excessive force.

45. Defendant Officer Miller committed these acts with ill will, gross negligence, recklessness, wantonness, oppressiveness, a willful disregard of the Plaintiff's Rights, and actual malice.

46. Defendant Officer Miller's intentional illegal actions were committed while he was acting under color of state law. Defendant Miller's intentional illegal actions constituted a state- created danger which ultimately resulted in the death of GAMEL ANTONIO BROWN.

47. Defendant Officer Miller's intentional illegal actions were foreseeable, and his involvement and actions causing great potential that he would create an environment to escalate the conditions upon which to kill GAMEL ANTONIO BROWN, were virtually expected. Defendant Miller intentionally, with malice aforethought, used his authority to create a danger to GAMEL ANTONIO BROWN, and rendered his more vulnerable to the death than if Defendant Miller had not acted at all.

48. Defendant Baltimore County, Maryland with deliberate indifference to the Maryland Constitutional rights of decedent GAMEL ANTONIO BROWN, created a dangerous situation, thereby directly and/or proximately causing the death of decedent GAMEL ANTONIO BROWN.

49. Defendant Baltimore County, Maryland with deliberate indifference to the Maryland Constitutional rights of decedent GAMEL ANTONIO BROWN, by failing to properly train, supervise and and/or adequately monitor the Baltimore County police not to illegally enter GAMEL ANTONIO BROWN'S home unconstitutionally, and not to illegally suppress his freedom of speech under the Maryland Constitution. Its violation of GAMEL ANTONIO BROWN'S rights resulted in the destruction and/or spoliation of critical evidence.

50. Defendant Baltimore County, Maryland with deliberate indifference to the Maryland Constitutional rights of decedent GAMEL ANTONIO BROWN, created a dangerous situation, thereby directly causing the death of decedent GAMEL ANTONIO BROWN, and there is no sufficient intervening cause that resulted in the injuries and death to GAMEL ANTONIO BROWN.

51. As a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendants, the Plaintiffs' decedent suffered serious injuries that resulted in death. Defendants' aforementioned acts or omissions constituted gross negligence and a violation of decedent, GAMEL ANTONIO BROWN'S constitutional rights under the Maryland Constitution.

52. Pursuant to the Annotated Code of Maryland, Courts & Judicial Proceedings §3-904(a), Plaintiffs bring an action based upon the 'death of GAMEL ANTONIO BROWN, at the hands of Defendants. Plaintiffs demand all damages recoverable under the Act including substantial damages for funeral and medical expenses, conscious pain and suffering, as well as any other damages recoverable under the Act.

Wherefore, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount to exceed $75,000 pursuant to Maryland Rule 2-305 plus interest and costs.

## COUNT II - Survival Action (Against All Defendants)

53. The Plaintiffs repeats and realleges Paragraphs 1 - 52 of this Complaint with full force and effect as if pleaded here in full.

54. As a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendants, the Plaintiff, decedent GAMEL ANTONIO BROWN, suffered serious injuries of a personal injury of a pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses, subjecting the Defendant to liability pursuant under the Survival Act Statute. Defendants'

aforementioned acts or omissions constituted negligence, gross negligence and/or a violation of decedent, GAMEL ANTONIO BROWN, constitutional rights under the Maryland Constitution.

55. Wherefore, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount to exceed $75,000 pursuant to Maryland Rule 2-305 plus interest and costs.

That as a direct and proximate result of the Defendants' actions against the Decedent, Decedent sustained extreme pain, suffering, and mental distress between the time of the incident and the time of his death.

**WHEREFORE**, Plaintiffs MARION BRWON, Personal Representative of: THE ESTATE OF GAMEL ANTONIO BROWN and SHAKEETA ARMSTRONG mother and next friend of minor child (G.B. JR.), hereby request that this Honorable Court:

A. Award the Plaintiffs actual, compensatory, and consequential damages in an amount to be determined at trial against Defendants Beshaw, McElfish and Miller, and Baltimore County, jointly and severally;

B. Award Plaintiffs punitive damages in an amount to be determined at trial against Defendants Beshaw, McElfish, and Miller;

C. Award costs of this action to the Plaintiffs;

D. Award the Plaintiffs reasonable attorney's fees and costs incurred in pursuing this action, as provided under 42 U.S.C. §§ 1983 and 1988; and

E. Award such other and further relief as this Court may deem just and appropriate

F. Trial by Jury on all issues so triable.

G. Costs expended herein including reasonable attorney's fees.

H. Pre-judgement and post judgement interest.

I. Any and all other relief that this court deems equitable and just.

*Respectfully submitted:*

_____
*JAMES SWEETING III, ESQUIRE*
*Bar Id No.: 20573*
*The Law Offices of James Sweeting III, LLC*
*2225 St. Paul Street*
*Baltimore Maryland 21218*
*(443) 267 7534*
*James@sweetinglaw.com*
*(Attorney for Plaintiff)*