IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARION BROWN,
    *Plaintiff*,

v.

BALTIMORE COUNTY, MD, *et al.*,
    *Defendant*

Case No. 23-cv-106-ABA

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Marion Brown (as personal representative of the estate of Gamel Antonio Brown), and Shakeeta Armstrong (on her own behalf and on behalf of minor child G.B., Jr.), filed this action in January 2023. ECF No. 6 (redacted complaint) ("Compl."). Plaintiffs allege that Gamel Antonio Brown died during and as a result of use of force by Baltimore County law enforcement during an encounter on January 21, 2020. Summonses were initially issued in January 2023. ECF No. 8. On May 23, 2023, Plaintiff filed a proof of service form, contending that Defendants were served, or at least that the County itself was served, on April 19, 2023. ECF No. 12. Nothing further happened in this case until April 2, 2024, when Plaintiff requested reissuance of summonses. ECF Nos. 13 & 15. Those new summonses do not appear to have been issued. But on October 10, 2024, Plaintiff filed a notice that Defendants had accepted service back in April 2024, had agreed to file responses to the complaint by June 15, 2024 but had failed to do so. ECF No. 17.

That same day (October 10, 2024), Defendants filed an answer to the complaint. ECF No. 18. It states as follows:

> Defendants ADMIT the allegations in Paragraphs numbered 2, 3, 7, 8, and 9. All remaining Paragraphs are DENIED, the Defendants have insufficient information to respond, or no answer is required.
>
> Further, Defendants assert the following defenses:
> 1. Governmental immunity,
> 2. Qualified immunity,
> 3. Public official immunity, and
> 4. Failure to state a claim upon which relief can be granted.

*Id*. at 1.

Plaintiffs have now filed a motion to strike that answer, ECF No. 21, and a motion for entry of default, ECF No. 25. Plaintiffs argue the answer should be stricken because it "failed to answer each allegation of the complaint with [a] specific admission or denial." ECF No. 21 at 2.

Although the answer does not respond to the complaint on a paragraph-by-paragraph, sentence-by-sentence basis, the answer complies with Federal Rule of Civil Procedure 8(b)(1)(B) in that it states which paragraphs Defendants admit and which they deny, and with Rule 8(b)(3) in that it "specifically den[ies] designated allegations or generally den[ies] all except those specifically admitted." But whether the answer complies with Rule 8(b)(2), which provides that a "denial must fairly respond to the substance of the allegation," is a closer call. "[T]he theory of Rule 8(b) is that a defendant's pleading should apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail." *Denials—In General*, 5 Fed. Prac. & Proc. Civ. § 1261 (4th ed.).

The answer lodges a general denial to all paragraphs of the complaint other than paragraphs 2, 3, 7, 8, and 9. ECF No. 18 at 1. As to some paragraphs, a blanket denial likely satisfies Rule 8(b)(2). *See, e.g.*, Compl. ¶ 4 ("It is alleged that the individual defendants named herein made an unreasonable seizure of the person of Decedent GAMEL ANTONIO BROWN, unconstitutionally refused to render medical care, deprived and interfered with the provision of critical, life-saving medical care and treatment thereby violating his rights under the Fourth and Fourteenth Amendment of United States Constitution, as well as Articles 24 and 26 of Maryland Declaration of Rights. It is further alleged that the defendants named herein employed unwarranted and excessive force in effecting the seizure described herein.").

As to other paragraphs of the complaint, however, it is hard to see how Defendants are in a position to deny every fact alleged therein or be unable to respond to them. As to some paragraphs, that is because the information is readily verifiable with information presumably within Defendants' access—especially given the many months since Defendants accepted service of the complaint. *See, e.g.*, Compl. ¶ 12 ("[A] Notice of Claim was submitted to the Office of Law for Baltimore County"). As to others, Rule 8(b)(2) entitles Plaintiffs to know which specific alleged facts are admitted and which are denied. Take paragraph 19, for example, which alleges: "On January 21, 2020, the first call for service to 21 Gwynnswood, Owings Mills, Maryland 21117 was received by Baltimore County 911 at approximately 11: 16 a.m. The caller reported a 'disturbance.' Defendants Miler and McElfish responded to the call along with Baltimore County Police Officers Besaw and Cantrell." Defendants' answer as drafted purports to deny each and every fact in that paragraph. But do Defendants deny, for example, that Baltimore County 911 received a call for service to 21 Gwynnswood, Owings Mills,

Maryland 21117, on January 21, 2020 at 11:16 a.m.? To be sure, just as an "allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), "responsive pleadings are subject to the Rule 8(d) standard of terseness," *Denials—In General*, 5 Fed. Prac. & Proc. Civ. § 1261 (4th ed.). But that does not excuse a defendant from "fairly respond[ing] to the substance of the allegation[s]." Fed. R. Civ. P. 8(b)(2).

This does not mean, however, that the answer should be stricken and Plaintiffs granted default. To be sure, "[i]f an answer is not sufficiently definite in nature to give reasonable notice of the allegations in the complaint sought to be placed in issue, the opponent's allegations may be treated as admitted." *Denials—In General*, 5 Fed. Prac. & Proc. Civ. § 1261 (4th ed.). But striking a pleading, like deeming an allegation admitted based on an inadequately responsive answer, is "a drastic remedy which is disfavored by the courts and infrequently granted." *Romero v. Barnett*, No. 09-cv-2371-DKC, 2011 WL 1938147, at *1 (D. Md. May 20, 2011). Instead of striking the answer, the Court will require Defendants to amend their answer to "fairly respond to the substance of the allegation[s]." *See* Fed. R. Civ. P. 8(b)(2).

The analysis applicable to Defendants' affirmative defenses is a bit different. Some judges of this Court have concluded that the *Iqbal/Twombly* pleading standard for claims, which requires that a plaintiff "plead enough factual allegations 'to state a claim to relief that is plausible on its face,'" also applies to affirmative defenses. *See, e.g.*, *Freedom Servs., Inc. v. Freedom Servs., LLC*, Case No. 23-cv-1625-MJM, 2024 WL 3089663, at *2, *7 (D. Md. June 21, 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and citing cases). But as Judge Bredar of this Court has explained, whereas Federal Rule of Civil Procedure 8(a)(2), which applies to complaints, requires a claimant to "show[] that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2),

"affirmative defenses need only meet the pleading standard of Rule 8(b)(1)(A), which provides, 'In responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted against it.'" *Baron v. DirecTV, LLC*, 233 F. Supp. 3d 441, 444 (D. Md. 2017). The Court is persuaded that at least in the context of this case, the latter approach is appropriate and more consistent with Rule 8. *See also* § 1274 *Pleading Affirmative Defenses*, 5 Fed. Prac. & Proc. Civ. § 1274 (4th ed.) ("Given that *Twombly*'s plausibility standard is based on an interpretation of Rule 8(a)(2)'s requirement of a 'showing' of entitlement to relief—a requirement that Rule 8(c) lacks—those courts declining to apply the plausibility standard to the pleading of affirmative defenses have the better view."). Accordingly, Defendants may, but are not required to, elaborate upon their affirmative defenses in preparing their amended answer.

That leaves Plaintiffs' motion for entry of default. "This is not a case where a party has failed to defend such that the entry of default and/or default judgment would be appropriate." *Romero*, 2011 WL 1938147 at *2. It is unclear why Defendants took so long to respond to the complaint, assuming Defendants in fact accepted service back in April 2024. *See* ECF No. 17. But Defendants have now responded, and thus although Defendants must amend their answer to fairly respond to the specific allegations in the complaint as discussed above, Plaintiffs are not entitled to default.

For these reasons, Plaintiffs' motions to strike (ECF No. 21) and for entry of default (ECF No. 25) are DENIED. Defendants shall file an amended answer within 21 days of entry of this order. By separate orders, the Court will be entering a proposed schedule and discovery dispute procedure order.

Date:  January 6, 2025                             _____
                                                  Adam B. Abelson
                                                  United States District Judge